**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | | |
|---|---|---|
| **STEPHANIE QUIGGINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO:**   3:26-cv-147-CHB |
| | ) | |
| **REGENCY HEALTH CENTER, LLC** | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.      NATURE OF THE CASE

1.      Plaintiff, Stephanie Quiggins ("Quiggins"), by and through counsel, brings this action against Defendant, Regency Health Center, LLC ("Defendant"), for  violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.* and the Kentucky Civil Rights Act ("KCRA").

### II.      PARTIES

2.      At all times relevant to this litigation, Plaintiff lived in Louisville, Kentucky within the geographical boundaries of the Western District of Kentucky.

3.      Defendant maintains offices and routinely conducts business within the geographical boundaries of the Western District of Kentucky.

### III.      JURISDICTION AND VENUE

4.      Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. §2000e-5(f)(3).

5.      Jurisdiction is conferred over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because her state law claim arises from the same common nucleus of operative facts as her

1

federal law claim and all of her claims form a single case and controversy under Article III of the United States Constitution.

6.     Defendant is an "employer" as that term is defined by 42 U.S.C. § 2000e(b) and KRS 344.030(2).

7.     Quiggins is an "employee" as that term is defined by 42 U.S.C. § 2000e(f) and KRS 344.030(5).

8.     Quiggins exhausted her administrative remedies by timely filing a Charge of Discrimination against Defendant with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging race discrimination and retaliation. Plaintiff received her Notice of Suit Rights and timely files this action within ninety (90) days of receipt.

9.     A substantial part of the events, transactions, and occurrences concerning this lawsuit arose in the geographical environs of the Western District of Kentucky; thus, venue is proper in this Court.

## IV.    <u>FACTUAL ALLEGATIONS</u>

10.     Quiggins began working for Defendant on or around January 27, 2020, as a Licenses Practical Nurse.  Quiggins worked at Defendant's Louisville, KY location.

11.     Quiggins is a Caucasian female.

12.     At all relevant times, Quiggins met Defendant's legitimate performance expectations.

13.     In or around November 2024, there was a new administration put into place at Defendant's location, and soon thereafter Quiggins made a report that the weekend supervisor, who is Iranian, was harassing and mistreating her by not communicating with her, sending her

home for no reason, and trying to report her for various unsupported reasons. Instead of investigating this matter, Quiggins was written up.

14.     On or around January 6, 2025, Defendant suspended Quiggins pending an investigation into an incident with narcotics medication. During her suspension, Defendant presented Quiggins with a document stating that she was responsible for the spilled/missing medication and coerced her into signing the document in order for her to return to work.

15.     During this meeting, Quiggins was told by the administrator that if she signed the document, they would not report her to the FDA or the board of nursing.

16.     On or around January 31, 2025, Quiggins returned to work. An internal investigation was later conducted where it was found that Quiggins was not responsible for the spilled medication.

17.     Said investigation concluded that another non-white employee was responsible for the spilled/missing medication. Said non-white employee was not disciplined following Defendant's investigation.

18.     After this situation, Quiggins started being targeted and harassed by Defendant's Administrator, Kar Meredith ("Meridith"), and the Director of Nursing, Annabell Mono ("Mono"). Meredith and Mono refused to investigate issues that Quiggins reported, they began targeting/investigating Quiggins, and Meredith threatened to terminate Quiggins if she continued to report said issues to Defendant.

19.     On or around May 2, 2025, Quiggins reported this mistreatment to Meredith, Mono, and Human Resources.  Quiggins expressed that she felt like her job was in jeopardy, to which they assured her that this was not the case.

20.    On or around May 5, 2025, Quiggins was terminated. Quiggins was replaced by a Hispanic female.

21.    Prior and since her termination, Defendant has continuously terminated Caucasian employees and hired minorities in their place.

22.    Since Quiggins termination, she is aware of at least one other instance of narcotics going missing while in control of another Hispanic female Registered Nurse. Rather than discipline or terminate said Hispanic female, the Defendant refused to act.

## V.    CAUSES OF ACTION

### COUNT I: TITLE VII & KCRA – RACE DISCRIMINATION

23.    Quiggins hereby incorporates paragraphs one (1) through twenty-two (22) of her Complaint.

24.    Quiggins is a Caucasian individual.

25.    Defendant discriminated against Quiggins by subjecting her to discrimination, including disparate treatment and/or disparate impact, and terminating her employment on the basis of her race.

26.    Defendant's actions were intentional, willful, and in reckless disregard of Quiggins' rights as protected by Title VII and the KCRA.

27.    Quiggins has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT II: TITLE VII & KCRA - RETALIATION

28.    Quiggins hereby incorporates paragraphs one (1) through twenty-seven (27) of her Complaint.

29.    Quiggins engaged in a protected activity when she made her complaint to Human Resources, Defendant's Administrator, and the Director of Nursing.

30.    Defendant retaliated against Quiggins for engaging in a protected activity by terminating her employment.

31.    Defendant's actions were intentional, willful, and in reckless disregard of Quiggins' rights as protected by Title VII and the KCRA.

32.    Quiggins has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## VI.    REQUESTED RELIEF

**WHEREFORE**, Plaintiff, Stephanie Quiggins, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1) Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against an employee based on their race and/or retaliates against any employee after engaging in a protected activity; All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

2) Reinstate Plaintiff to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof; Compensatory damages and damages for emotional distress;

3) Award Plaintiff all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

4) Award Plaintiff compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions; Pre- and Post-Judgment interest on all sums recoverable; and,

5) Award Plaintiff compensatory damages for violations of Title VII and the KCRA;

6) Award Plaintiff punitive damages for Defendants' violations of Title VII;

7) Award Plaintiff all costs and attorney's fees incurred as a result of bringing this action;

8) Award Plaintiff all costs and attorney's fees incurred as a result of bringing this action;

9) Award Plaintiff all other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

*/s/ Taylor Ferguson*_____
Taylor Ferguson
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:    (317) 991-4765
Facsimile:    (812) 424-1005
Email:        tferguson@bdlegal.com

*Attorney for Plaintiff, Stephanie Quiggins*

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, Stephanie Quiggins, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

*/s/ Taylor Ferguson*
Taylor Ferguson
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:    (317) 991-4765
Facsimile:    (812) 424-1005
Email:         tferguson@bdlegal.com

*Attorney for Plaintiff, Stephanie Quiggins*